UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/9/2023__

---

LYNDA ARNET HOCHFELDER,

                              Plaintiff,

              -against-

PACIFIC INDEMNITY COMPANY,

                              Defendant.

---

1:22-cv-2012 (MKV)

**OPINION AND ORDER
GRANTING IN PART AND
DENYING IN PART
DEFENDANT'S MOTION
TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Lynda Arnet Hochfelder brought this case against Pacific Indemnity Company ("Pacific Indemnity"), alleging that she is owed more than $3 million in insurance claims from years-old water damage to her New York City apartment. Pacific Indemnity moves to dismiss the lawsuit for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND[1]**

In early 2014, Plaintiff learned that her New York City apartment had suffered severe water damage. Compl. ¶ 21. She promptly reported the damage to Pacific Indemnity, pursuant to the conditions of her property insurance policy (the "Policy"). Compl. ¶ 21. But prompt notice to the insurer was only one condition. Compl. ¶¶ 15-16. To recover on her claim, Plaintiff was also required to take reasonable means to protect her property from further damage; prepare an inventory of damaged property; be examined under oath, if requested; and submit, within sixty days of the request, a signed, sworn proof of loss. Compl. ¶ 16.

---

[1] The Court draws its facts from the Complaint [ECF No. 6] ("Compl."), the well-pleaded allegations of which are taken as true for the purposes of this Opinion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Citations to the complaint incorporate the documents cited therein, including the relevant insurance policy.

Plaintiff complied with all these requirements.  Compl. ¶ 20.  But Pacific Indemnity spent years delaying the claims process, which had costly consequences for Plaintiff.  Compl. ¶ 39, 46.  In particular, the Policy provides that the insured "cannot abandon any property to us unless we agree to accept it, or to a third party unless we agree."  Compl. ¶ 37.  In effect, this required Plaintiff to keep all of her damaged property until Pacific Indemnity agreed that she could dispose of it.  Compl. ¶ 38.  By delaying several years before inspecting Plaintiff's damaged property, Pacific Indemnity forced Plaintiff to incur years of unnecessary storage costs. Compl. ¶¶ 39, 44.

In 2021, Pacific Indemnity ultimately denied coverage for Plaintiff's property damage, citing Plaintiff's failure to comply with the required conditions as a reason for nonpayment. Compl. ¶ 60.  In so doing, Pacific Indemnity invoked the condition in the policy which provides that the insured "agree[s] not to bring legal action against us unless you have first complied with all conditions of this Policy."  Compl. ¶ 18.  The Policy also states that the insured "agree[s] to bring any action against us within two years after a loss occurs."  Compl. ¶ 18.  The Policy does not define the term "loss."  Compl. ¶ 19.

Plaintiff commenced this action in February 2022, by filing a summons in New York state court.  Compl. ¶ 6.  Shortly thereafter, Pacific Indemnity removed the case to federal court on diversity jurisdiction grounds.  Compl. ¶¶ 7-8.  Plaintiff then filed her complaint, claiming that Pacific Indemnity breached the insurance contract by refusing to pay Plaintiff what she was owed for the water damage caused to her property; that Pacific Indemnity breached the implied covenant of good faith and fair dealing by wrongly denying coverage and by delaying payment[2];

---

[2] Specifically, the Complaint alleges that Pacific Indemnity violated the implied covenant of good faith and fair dealing by:

> Deliberately, carelessly and wrongfully: (i) mishandling Plaintiff's claim; (ii) delaying payment of Plaintiff's claim; (iii) claiming baselessly that Plaintiff

and that Pacific Indemnity violated New York General Business Law Section 349 by relying on false pretenses to delay and deny payment.  Compl. ¶¶ 68-86.  Plaintiff sought more than $3.35 million in compensatory damages for the breach of contract claim, and, on top of that, compensatory, consequential and punitive damages for the latter two claims.  Compl. at 14 (Prayer for Relief).

Pacific Indemnity now moves to dismiss the complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  [ECF No. 10].  In particular, Plaintiff argues that this action is untimely pursuant to the terms of the insurance policy that require suit to be brought within two years of a loss.  Alternatively, Plaintiff argues that even if the action is timely, the Court must dismiss the breach of implied covenant claim as being duplicative of the breach of contract claim, and must dismiss the deceptive business practices claim for failure to allege any act that was actually deceptive.

## <u>LEGAL STANDARDS</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

failed to comply with the condition of the Policy that required her to (a) display the damaged contents when asked, (b) prepare an inventory of the damaged property, (c) take all reasonable means that are necessary to protect the property from further loss or damage; and (iv) claiming baselessly that Plaintiff intentionally misrepresented or concealed material facts and fraudulently exaggerated the value of the contents included in the supplemental claims.

Compl. ¶ 78.

## DISCUSSION

### I.   TIMELINESS

New York law generally allows parties to a contract six years to file suit for an alleged

breach of contract.[3]  C.P.L.R. § 213(2).  "However, parties to a contract may agree to shorter

limitations periods, which are normally enforceable when they are reasonable and in writing."

*Vitrano v. State Farm Ins. Co.*, No. 08-cv-103, 2008 WL 2696156, at *2 (S.D.N.Y. July 8, 2008)

(citing *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 551 (1979)).  "Dismissal is

appropriate where suit is initiated beyond the contractual limitations period."  *Polcom USA, LLC*

*v. Affiliated FM Ins. Co.*, 551 F. Supp. 3d 290, 294 (S.D.N.Y. 2021).

The Policy at issue here contains a contractual limitations period which provides that the

insured must "agree to bring any action against [Pacific Indemnity] within two years after a loss

occurs."  Compl. ¶ 18.  The term "loss" is not defined in the policy.  However, Pacific Indemnity

argues that it is plain from a reading of the whole Policy and the use of the word "loss"

throughout that suit must be brought within two years of when the underlying damage occurs.

Pacific Indemnity contends that the action is therefore untimely because it was brought roughly

eight years from when the water damage occurred.  This argument is foreclosed by precedent.

In *Fabozzi v. Lexington Insurance Company.*, 601 F.3d 88 (2d Cir. 2010), the Second

Circuit addressed language in an insurance contract which required the plaintiffs to bring suit

"within two years after the date of the loss."  *Id.* at 90.  As is the case here, the insurance

company argued that when viewing the policy as a whole, and the use of the word "loss"

throughout, the limitations provision clearly applies from the date that the damage occurred.  *Id.*

at 93.  Rejecting that argument, the Second Circuit explained that the term "loss" was not defined

---

[3] There is no dispute that New York law applies.

in the policy and that "[a]t most, the other uses of 'loss' in the contract render that term

ambiguous." *Id.* This ambiguity necessarily defeated the insurer's interpretation, the Second

Circuit continued, because "it is well-settled law that where an insurer has drafted the policy . . .

any ambiguity in the policy should be resolved in favor of the insured." *Id.* (internal quotation

marks omitted) (alterations adopted). As a result, the court concluded that the limitations period

ran from the date that the insured's claim accrued—which, under New York law, generally

occurs at the time of the breach. *Id.*

Pacific Indemnity has not presented, nor has this Court identified, any meaningful

difference between this case and *Fabozzi*. Pacific Indemnity denied the claim on June 30, 2021,

allegedly breaching the contract.[4] Because Plaintiff brought this case within two years of that

date, the motion to dismiss on timeliness grounds is without merit and is denied.

## II.     BREACH OF IMPLIED COVENANT OF
##         GOOD FAITH AND FAIR DEALING

Under New York law, every contract contains an implicit covenant of good faith and fair

dealing, which encompasses any promises that a reasonable promisee would understand to be

included in the agreement. *See JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118,

128 (2d Cir. 2022). "This covenant embraces a pledge that neither party shall do anything which

will have the effect of destroying or injuring the right of the other party to receive the fruits of

the contract." *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011). "In order to avoid

redundancy, claims of breach of the implied covenant must be premised on a distinct set of facts

from those underlying a claim for breach of contract." *Polcom USA, LLC v. Affiliated FM Ins.

Co.*, 551 F. Supp. 3d 290, 297 (S.D.N.Y. 2021). Therefore, a claim for breach of the implied

---

[4] Plaintiff implicitly claims that the alleged breach of contract occurred on June 30, 2021, when "Pacific informed Plaintiff that it had completed its investigation of Plaintiff's claims and that it was denying coverage," ECF No. 12 ("Opp.") at 12, and Pacific Indemnity does not dispute this point.

covenant "will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 299 (S.D.N.Y. 2012).

Pacific Indemnity argues that Plaintiff's breach of the implied covenant is duplicative of her breach of contract claim and must therefore be dismissed. The Court disagrees. The breach of contract claim centers on Pacific Indemnity's refusal to pay, while the breach of implied covenant claim is based, at least in part, on Pacific Indemnity's repeated delay, which allegedly injured Plaintiff by forcing her to incur years of storage fees for her damaged personal property. This distinction (between delay and pay) is enough to preclude dismissal at the pleading stage on an argument of duplicative claims.

### III.    NEW YORK GENERAL BUSINESS LAW SECTION 349

New York General Business Law Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" within the state. N.Y. Gen. Bus. Law § 349(a). To state a claim for violating the statute, a plaintiff must allege that "the defendant has engaged in conduct that was (1) consumer oriented; (2) deceptive or misleading in a material way; and (3) the plaintiff suffered injury as a result." *Nials v. Bank of Am.*, No. 12-cv-5720, 2014 WL 2465289, at *3 (S.D.N.Y. May 30, 2014).

Pacific Indemnity argues that Plaintiff's deceptive business practices claim must be dismissed because Plaintiff fails to allege any act that was deceptive. The Court agrees. Plaintiff alleges that Pacific Indemnity acted in bad faith—by delaying the claims process and refusing to pay—but nothing about the alleged conduct is deceptive or misleading. By failing to allege that Pacific Indemnity deceived or misled her or even to allege facts supporting a charge that Plaintiff was deceived or misled and that injury resulted, Plaintiff has failed to sufficiently state a claim for deceptive business practices.

## <u>CONCLUSION</u>

For the foregoing reasons, Pacific Indemnity's motion to dismiss is granted in part and denied in part.  The Clerk of Court respectfully is requested to close the Motion at ECF No. 10.


**SO ORDERED.**

**Date:  March 9, 2023**
      **New York, NY**

_____
        **MARY KAY VYSKOCIL**
        **United States District Judge**