USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/5/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNDA ARNET HOCHFELDER,

                Plaintiff,

-against-

PACIFIC INDEMNITY COMPANY,

                Defendant.

1:22-cv-2012 (MKV)

ORDER DENYING
MOTION FOR RECONSIDERATION

MARY KAY VYSKOCIL, United States District Judge:

On March 9, 2023, the Court issued an Opinion and Order granting in part and denying in part Defendant's motion to dismiss. [ECF No. 14] ("Op."). The Court denied the motion to the extent it sought to dismiss the entire action on timeliness grounds or, in the alternative, to dismiss the claim for breach of the implied covenant of good faith and fair dealing as duplicative of the breach of contract claim. Defendant now moves for reconsideration of that decision.

Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19 Civ. 2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted). The standard must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Girl Scouts of the U.S.A. v. Boy Scouts of America*, No. 18 Civ. 10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

Defendant's motion has no merit. Defendant argues that the Court's decision must be reconsidered because it "overlooked or misinterpreted controlling law." [ECF No. 18] ("Def. Mot.") at 3, 5. In support of this argument, Defendant cites a case from the Southern District of New York and a case from the Northern District of New York. But these district court cases do not amount to "controlling law" and are not a proper basis on which to seek reconsideration. *See Shub v. Westchester Cmty. Coll.*, No. 06-cv-8324, 2008 WL 1957731, at *4 (S.D.N.Y. Apr. 28, 2008) ("To the extent that the district court cases cited by defendants are not controlling law we need not consider them."); *Fezzani v. Bear, Stearns & Co.*, No. 99-cv-793, 2004 WL 1781148, at *2 (S.D.N.Y. Aug. 10, 2004) (explaining that a district court case "is not controlling legal authority and thus not a proper basis on which to grant reconsideration").

Defendant also claims that the Court overlooked its argument distinguishing the Second Circuit decision in *Fabozzi v. Lexington Insurance Co.*, 601 F.3d 88 (2d Cir. 2010). This case is unique, Defendant contends, because "[r]eading the policy as a whole, the term 'loss' in the suit limitation can only mean when the date of physical damage occurred." Def. Mot. at 4. But Defendant is mistaken. Defendant has either overlooked or chosen to ignore the clear summary in the Court's opinion of Defendant's argument "that when viewing the policy as a whole, and the use of the word 'loss' throughout, the limitation provision clearly applies from the date the damage occurred." Op. at 4. Defendant's argument is therefore wholly disingenuous. The Court did not commit any error, let alone clear error, in ignoring Defendant's argument regarding the controlling authority in *Fabozzi*. Rather, the Court concluded that Defendant "has not presented . . . any meaningful difference between this case and *Fabozzi*." Op. at 5.

Reconsideration of an opinion of the Court is an extraordinary remedy in part because of the need to preserve scarce judicial resources. Defendant's motion abuses those resources (as well as those of its client). The motion for reconsideration has no merit and must be denied.

      The Clerk of Court respectfully is requested to close the Motion at ECF No. 17.

**SO ORDERED.**

Date: **July 5, 2023**             _____
       **New York, NY**               **MARY KAY VYSKOCIL**
                                      **United States District Judge**